UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-02093-GOODMAN

UNITED STATES OF AMERICA

v.

CHENGZHE WANG,

    Defendant.
_____/

**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f)(2)(A), the Court held a hearing on January 21, 2025, which continued on January 23, 2025, to determine whether to detain Defendant Chengzhe Wang ("Defendant") before and until the conclusion of trial. The United States of America (the "Government") moved for pretrial detention under 18 U.S.C. § 3142(f)(2)(A), arguing that Defendant poses a serious risk of flight. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. As such, the Court **ORDERS** that Defendant Chengzhe Wang be detained before and until the conclusion of trial.

Pursuant to 18 U.S.C. § 3142(i), the Court makes the following factual findings and statement of the reasons for the detention.

Defendant is charged in a criminal complaint issued in the Southern District of Florida with one count of making material false statements, in violation of 18 U.S.C. § 1001(a)(2).

The Government proffered the following facts at the hearing on January 21, 2025. FBI Special Agent Nolan Gallow testified and adopted the Government's proffer as his own. Defendant is a Chinese National who currently works for XCMG, a manufacturing company co-owned by the

Chinese Government with ties to the People's Liberation Army (China's Military arm). Defendant arrived at Miami International Airport ("MIA") on January 14, 2025 on an international flight from Mexico City, Mexico. Defendant planned to stay the night at a hotel in South Beach, Miami, Florida, before boarding a flight the following day to Managua, Nicaragua. Upon entry into the United States, Defendant made a number of false statements to Customs agents at MIA; those statements are described in the criminal complaint.

Defendant also made false statements regarding his current trip. When interviewed regarding Defendant's indirect route from Mexico City, to Miami, to Managua, Defendant reasoned that there were no direct flights available to him. However, the Government determined that, in fact, flights depart daily from Mexico City to Managua, Nicaragua.

Finally, search of Defendant's phone revealed schematics for an atomic bomb shared by him in a group chat using the WeChat application. Defendant provided misleading statements regarding the schematics.

The Government further proffered that Defendant was originally detained pursuant to a tip. The Government was informed that Defendant was trained by Chinese intelligence to lie to United States officials and enter the United States to steal military secrets. The tip was specific and accurate in providing the Government with Defendant's Chinese passport number and position in his company.

The Government argues that Defendant poses a serious risk of flight because he has no ties to the Southern District of Florida or to the United States. The Government also submits that Defendant reported in 2023 making $12,000.00 per month and therefore has sufficient resources to flee.

Defendant disputes the Government's proffer regarding his income, clarifying that Defendant actually earns 12,000.00 Chinese yuan per month; converted to U.S. dollars, Defendant's monthly income is between $1,600.00 and $1,700.00 per month. However, Defendant admits that he has no

ties to the District, but submits that there is a combination of conditions that can reasonably assure his presence in Court. Specifically, Defendant proposed that he be placed on house arrest and outfitted with a GPS monitor. Defendant proposes that he can reside in a short-term rental and submit to 24-hour private surveillance funded by Defendant. The hearing was continued to afford defense counsel opportunity to present more detailed information about the proposed bond. After the continued hearing, there remains no ties to this District in the record. Therefore, there are no conditions of bond to reasonably assure Defendant's presence as required by conditions of bond.

Accordingly, the Court hereby **DIRECTS**:

(a) That Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** in open court in Miami, Florida, this 23rd day of January, 2025.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record
      Pretrial Services (Miami)