UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20059

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHENGZHE WANG,

    Defendant.

_____/

**DEFENDANT CHENGZHE WANG'S MOTION TO DISMISS OFFENSE IN**
**SECOND SUPERSEDING INDICTMENT**

The United States of America's Second Superseding Indictment charges Defendant Chengzhe Wang with making three separate materially false statements, the last of which is "that his 2023 trip from Seoul, South Korea, to Dallas, Texas, was for vacation and to visit a friend, when, in truth and in fact, as the defendant knew, . . . [it] was for the <u>purpose</u> of attending business meetings in Houston Texas[.]" (emphasis added).

This offense in the Second Superseding Indictment should be dismissed as it is fundamentally ambiguous and void for vagueness under the Sixth Amendment, and it also fails to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) as it does not adequately set forth a required element of a material false statement under 18 U.S.C. § 1001(a)(2).

**FAILURE TO STATE AN OFFENSE**

The Second Superseding Indictment charges Mr. Wang for allegedly falsely representing that his 2023 trip to Dallas "was for vacation and to visit a friend" when Mr. Wang knew "that his 2023 trip . . . to Dallas, Texas, was for the <u>purpose</u> of attending business meetings in Houston, Texas[.]" D.E. 32 (emphasis added). This allegation fails to state an offense because the statement

that the trip to Dallas was "for vacation and to visit a friend" is <u>not</u> inconsistent with his prior alleged statement that the <u>purpose</u> of the trip was to "attend[] business meetings in Houston." The word "purpose" may encompass a person's intention, and a person may intend to attend business meetings in Houston and end up vacationing and visiting a friend instead. In short, Mr. Wang had a change of plans, which is not a violation of 18 U.S.C. § 1001(a)(2). Therefore, this offense in the Second Superseding Indictment should be dismissed under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. *See, e.g.*, *United States v. Coia*, 719 F.2d 112, 1123 (11th Cir. 1983) (explaining that "[i]t is perfectly proper, and in fact mandated, that [a] district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense.").

Most importantly, the Second Superseding Indictment does not allege how this second statement reflecting Mr. Wang's subjective intentions is false. An individual's subjective intentions can often conflict with their subsequent actions, and this conflict has nothing to do with the individual's truthfulness at the time that the statement regarding the person's intentions is made.

Take, for example, a hypothetical conversation between a father and son:

Father: "What was the purpose of your legal internship?"

Son: "I sharpened my transactional skills through drafting various contracts."

Father: "Why are you lying to me? Last year, when I asked you what the purpose of the internship was, you told me you wanted to draft motions and work on your litigation skills."

The son's explanation is simple.

Son: "Well. Before the internship started, I wanted to work on my litigation skills. But, after I started, I found out that the litigation office was in another location. So, I was not able to draft motions, and instead, I worked on contracts."

Clearly, the son did not lie to the father in this scenario, because people's intentions (or <u>purposes</u>) can change due to outside circumstances. It is completely unreasonable to assume a person is lying (and charge them with a federal felony) simply because their stated intentions do not line up with their subsequent actions.

The Second Superseding Indictment commits this logical error by alleging that Mr. Wang "knowingly and willfully ma[de] a false, fictitious, and fraudulent statement and representation as to a material fact" simply because his statement about what he did during his 2023 Dallas trip was different from his originally stated purpose for travelling to Dallas. The reasonable explanation for this difference is not that Mr. Wang lied in 2025, but rather that he did, in fact, <u>intend</u> to attend business meetings in Houston in 2023, but ultimately ended up spending time with a friend, making the trip more akin to a vacation.

This conceptual leap in the Second Superseding Indictment cannot sustain a material false statement charge, as a matter of law. No reasonable jury could convict Mr. Wang on these alleged facts because they are not inconsistent with the truth. This offense in the Second Superseding Indictment must accordingly be dismissed.

## FUNDAMENTAL AMBIGUITY AND VAGUENESS

Asking Mr. Wang about the "<u>purpose</u>" of his trip is also fundamentally ambiguous and void for vagueness as a matter of law, because it is "not a phrase with a meaning about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer unless it were defined at the time it were sought and offered as testimony." *United States v. Lattimore*, 127 F. Supp. 405, 410 (D.D.C. 1955). Without a clear definition, the questioner and answerer could not possibly understand the question, which simultaneously

communicates two distinct meanings: (1) what was your reason for the trip; and (2) what did you do during the trip?

The above-referenced hypothetical conversation between father and son illustrates this ambiguity. Clearly, the father and son interpreted the meaning of "purpose" differently. Only sheer luck could have allowed a meeting of the minds between the two. A clearer articulation of the question or definition of "purpose" was required. Where the father meant to ask the son, "What was your purpose going into the internship," the son, instead, answered the question: "What purpose did you actually achieve through your internship?" Both interpretations are equally reasonable to the question: "What was the purpose of your internship?"

The question posed to Mr. Wang is as vague and fundamentally ambiguous as the father's question to the son. A hindsight evaluation of "purpose" has no meaning "about which men of ordinary intellect could agree, nor one which could be used with mutual understanding by a questioner and answerer[.]" *Id.* And it is "entirely unreasonable to expect that the defendant understood the question posed to him." *United States v. Ryan*, 828 F.2d 1010, 1015 (3rd Cir. 1987) (quoting *United States v. Slawik*, 548 F.2d 75, 86 (3rd Cir. 1977)).

As a result, the government cannot sufficiently allege the essential elements of the crime charged – specifically that Mr. Wang <u>intended</u> to make a false statement. It is just as likely that Mr. Wang intended to truthfully answer a question that was different from what the government intended to ask. "Falsity convictions may not be premised upon fundamentally ambiguous questioning because 'the court <u>cannot allow juries to criminally convict a defendant based on their guess as to what the defendant was thinking</u> at the time the response was made.'" *United States v. Hassoun*, 477 F. Supp. 2d. 1210, 1217-18 (S.D. Fla. 2007) (quoting *United States v. Manapat*, 928 F.2d 1097 (11th Cir. 1991) (dismissing a perjury indictment because it was void for vagueness as

a matter of law under the Sixth Amendment) (emphasis added). The fundamental ambiguity in the government's question pertaining to Mr. Wang's Dallas trip requires dismissal of this portion of the Second Superseding Indictment.

## CONCLUSION

For the foregoing reasons, Defendant Chengzhe Wang respectfully requests that the Court dismiss the offense in the Second Superseding Indictment related to Mr. Wang's trip to Dallas.

Respectfully submitted,

**AXS LAW GROUP, PLLC**
2121 NW 2nd Avenue, Suite 201
Miami, FL 33127
Tel: 305.297.1878
By: */s/ Rossana Arteaga-Gomez*
Rossana Arteaga-Gomez
Florida Bar No. 14932
rossana@axslawgroup.com
*Counsel for Defendant Chengzhe Wang*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will deliver notices of electronic filing to all counsel of record.

By: */s/ Rossana Arteaga-Gomez*
Rossana Arteaga-Gomez, Esq.