**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  25-20059-CR-ALTONAGA**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**CHENGZHE WANG**,

      Defendant.

_____/

## OMNIBUS ORDER

THIS CAUSE came before the Court on the following pre-trial motions: (1) Defendant's *Daubert* Motion to Exclude Opinion Testimony by Government Agents [ECF No. 40]; (2) Defendant's Motion to Take Judicial Notice [ECF No. 41]; (3) the Government's *Daubert* Motion to Exclude Testimony of Professor Jacques Delisle and Ni Yuan Meggers [ECF No. 48]; and (4) Defendant's Motion to Dismiss Offense in Second Superseding Indictment [ECF No. 54].  The relief sought in each instance is evident from the title of each Motion.  The Court has carefully reviewed the parties' written submissions and applicable law.

Being fully advised, it is **ORDERED AND ADJUDGED** as follows:

(1) Defendant's *Daubert* Motion to Exclude Opinion Testimony by Government Agents **[ECF No. 40]** is **GRANTED** in part and **DENIED** in part.  To prove the elements of 18 U.S.C. section 1001(a)(2), Customs and Border Protection and Federal Bureau of Investigation officers are permitted to give lay opinion testimony, consistent with Federal Rule of Evidence 701, regarding the communications with Defendant that led to denying him entry into the United States and charging him with making a materially false statement.  To the extent the officers wade into areas requiring specialized knowledge — such as the

corporate structure of foreign companies with hybrid ownership, and particulars regarding the Chinese Communist Party and the Communist Youth League of China — they are not permitted to give lay opinion testimony.

(2) Defendant's Motion to Take Judicial Notice **[ECF No. 41]** is **DENIED**.  The Court will not take judicial notice, under Federal Rule of Evidence 201(b), that XCMG is on the Shenzhen Stock Exchange and so is a publicly traded company, based on unauthenticated pages from open-source websites.

(3) The Government's *Daubert* Motion to Exclude Testimony of Professor Jacques Delisle and Ni Yuan Meggers **[ECF No. 48]** is **GRANTED** in part and **DENIED** in part.  The Defendant no longer intends to present Ni Yuan Meggers as a witness at trial.  Professor Jacques DeLisle is eminently qualified to testify regarding the topics contained in his outline under Federal Rule of Evidence 702.

(4) Defendant's Motion to Dismiss Offense in Second Superseding Indictment **[ECF No. 54]** is **DENIED**.  Defendant seeks to have the Court dismiss *a part* of the Second Superseding Indictment that references a false statement Defendant allegedly uttered describing a 2023 trip to Dallas.  This, the Court will not do.  *See, e.g.*, *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." (emphases in original; citation omitted)); *United States v. Salman*, 378 F.3d 1266, 1268–69 (11th Cir. 2004) ("The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure.  We recognize that our system of criminal procedure may result in legally meritless cases being sent to trial, but . . . it is not for the courts to filter

CASE NO. 25-20059-CR-ALTONAGA

which criminal cases may reach the trial stage by reviewing the proffered evidence in advance." (alteration added)).

**DONE AND ORDERED** in Miami, Florida, this 8th day of April, 2025.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3